**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1404**

---

MITCHELL REPAIR INFORMATION COMPANY, LLC, d/b/a Mitchell1, a Delaware limited liability company,

Plaintiff – Appellant,

v.

EVOX PRODUCTIONS, LLC, a Delaware limited liability company; DATAONE, LLC, a Virginia limited liability company,

Defendants – Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Jamar Kentrell Walker, District Judge. (2:23-cv-00430-JKW-LRL)

---

Argued: September 10, 2025                Decided: November 14, 2025

---

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** James Lee Lovsin, MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois, for Appellant. Lawrence Milton Hadley, GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP, Los Angeles, California, for Appellee. **ON BRIEF:** Bradley J. Hulbert, Jerry Y. Lu, MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, Illinois; Dov M. Szego, Giovanna R. Bonafede, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia, for Appellant. Robert E. Allen, Jason C. Linger, GLASER WEIL FINK HOWARD JORDAN &

2

SHAPIRO LLP, Los Angeles, California; Robert W. McFarland, MCGUIREWOODS LLP, Norfolk, Virginia, for Appellee Evox Productions, LLC.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Evox Productions, LLC owns copyrights in images of vehicles, which it licensed to DataOne, LLC, which then licensed some of Evox's images to Mitchell Repair Information Company, LLC. The Mitchell–DataOne agreement, to which Evox was not a party, contained a forum selection clause requiring that any lawsuit related to the agreement be filed in state or federal court in Norfolk, Virginia. After Mitchell allegedly exceeded the scope of its license, Evox sued for copyright infringement in the Southern District of California.

Mitchell took the position that Evox was bound by the forum selection clause in the Mitchell–DataOne agreement. Accordingly, Mitchell moved to dismiss the California lawsuit or transfer it to Virginia. It also filed this declaratory judgment action against Evox and DataOne in the Eastern District of Virginia, addressing the copyright infringement claims. After Evox failed to answer the complaint, the clerk entered a default against Evox at Mitchell's request. Evox then answered the complaint and moved to set aside the entry of default, and Mitchell moved for a default judgment.

While the transfer motion was pending in California, the Virginia district court dismissed this case and denied the pending motions on the default as moot. The district court determined that all of Mitchell's claims against Evox were merely defenses to Evox's action in California and that DataOne should be joined as a party to that litigation. After considering the first-to-file rule, the district court declined to exercise jurisdiction over the declaratory judgment action. Mitchell timely appealed.

3

While this appeal was pending, the California district court concluded that Evox was indeed bound by the forum selection clause and transferred that case to the Eastern District of Virginia. In response, Evox asked us to dismiss this appeal as moot and Mitchell moved to summarily vacate the decision below, arguing that the transfer changed the factual record upon which the Virginia district court based its dismissal.

We decline both requests. The appeal is not moot because a decision in Mitchell's favor would revive its declaratory judgment action and accompanying motion for a default judgment against Evox. *See Lancaster v. Sec'y of Navy*, 109 F.4th 283, 289 (4th Cir. 2024) ("For mootness to occur, events transpiring while the matter is pending must make it impossible for the court to grant any effectual relief to the plaintiff." (internal quotation marks and brackets omitted)). Nor is summary vacatur based on a changed factual record warranted. The district court explained that transfer of the California suit would not change its decision because, even if the Eastern District of Virginia were the right *forum* for the dispute, the declaratory judgment action was not the right *case* in which to decide the claims.

Moving to the merits, we conclude the district court did not abuse its discretion in declining to exercise jurisdiction over Mitchell's declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–290 (1995) ("[D]istrict courts' decisions about the propriety of hearing declaratory judgment actions . . . should be reviewed for abuse of discretion."). Mitchell's claims for declaratory relief against Evox were its defenses against Evox's affirmative claims in the California action; those defenses and Mitchell's claims against DataOne could be brought in that existing suit. Mitchell's decision to file

4

the declaratory judgment action well after the California case had commenced led the district court to conclude that the declaratory judgment action was an improper attempt to avoid litigating the forum selection clause issue in California.  Having conducted oral argument and reviewed the entire record, we discern no abuse of discretion.

*AFFIRMED*